UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GUGLIELMO,

                Plaintiff,

         - against -

PAMELA'S PRODUCTS, INC.,

                Defendant.

**ORDER**

20 Civ. 5569 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        On July 20, 2020, Plaintiff Joseph Guglielmo commenced this action against Defendant Pamela's Products, Inc., alleging that the website www.pamelasproducts.com is not accessible to blind and visually-impaired consumers, and thus violates the Americans with Disabilities Act and the New York City Humans Rights Law. (Cmplt. (Dkt. No. 1))

        On July 21, 2020, this Court referred the case to Magistrate Judge Robert W. Lerburger for general pretrial supervision. (Dkt. No. 5)

        On December 7, 2020, Judge Lehrburger issued an order noting that Plaintiff had not served Defendant with the summons and Complaint, and directing Plaintiff to "serve Defendant or . . . show cause in writing why this case should not be dismissed for failure to prosecute" by December 21, 2020. (Dkt. No. 6)  On January 4, 2021, Judge Lehrburger sua sponte extended Plaintiff's time to serve Defendant or show cause why the case should not be dismissed to January 18, 2021. (Dkt. No. 7)  Plaintiff has taken no action in response to Judge Lehrburger's orders.

        On February 1, 2021, Judge Lehrburger issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims be dismissed without prejudice for failure to

1

prosecute.  (Dkt. No. 8)  The R&R advised that any objections must be filed within fourteen days, and warned that "failure to file timely objections will result in a waiver of objections and preclude appellate review."  (Id. at 2) (emphasis omitted)  Plaintiff did not file any objections to the R&R.

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation."  Austin v. Lynch, No. 10-CV-7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Before dismissing a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), courts consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be effective].

Baptiste v Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted).  "No single factor is . . . dispositive."  Id.; see also Harding v. Goord, 135 F. App'x 488, 488-89 (2d Cir. 2005) (affirming dismissal where pro se plaintiff repeatedly refused to comply with discovery demands and court orders); Brown v. Pulgarin, No. 17-CV-1677 (VSB)

2

(KHP), 2018 WL 5723120, at *1-2 (S.D.N.Y. Nov. 1, 2018) (adopting R&R recommending dismissal where pro se plaintiff had not complied with court-ordered deadlines).

As to the first factor, Plaintiff's non-compliance spans more than a year. After filing the Complaint, Plaintiff did not serve Defendant for more than four months. On December 7, 2020, Judge Lehrburger ordered Plaintiff to show cause by December 21, 2020, why the case should not be dismissed for failure to prosecute. (Dkt. No. 6) On January 4, 2021, Judge Lehrburger extended that deadline to January 18, 2021. (Dkt. No. 7) The deadline passed seven months ago, with no response from Plaintiff. Accordingly, the first factor supports dismissal. See Salem v. City of New York, 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'") (quoting Peters-Turnball v. Bd. of Educ. of N.Y.C., No. 96 Civ. 4914, 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999)); Avila v. Comm'r of Soc. Sec., 15-cv-2456 (JGK), 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing for failure to prosecute where seven months had elapsed)).

As to the second factor, Judge Lehrburger twice warned Plaintiff that his claims would be dismissed absent a showing of good cause for his failure to serve Defendant. (Dkt. Nos. 6, 7) This factor also favors dismissal.

As to the third factor, "[t]he Court can presume that the defendant[] ha[s] been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time." Beauford v. Doe #1, No. 04 Civ. 7533 JGK, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor, Judge Lehrburger sought to protect Plaintiff's right to due process by issuing multiple warnings that Plaintiff's continued failure to serve the summons and Complaint would result in the dismissal of his claims.  (Dkt. Nos. 6, 7)

As to the fifth factor, dismissal is the appropriate sanction.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless."  Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.") (citations omitted)); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [because c]ourt orders and direction have not prompted plaintiff to move her case forward.").

This Court finds no error in Judge Lehrburger's conclusion.  Accordingly, the R&R is adopted in its entirety and Plaintiff's claims are dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to terminate any pending motions and to close this case.

Dated: New York, New York
       September 1, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

4